**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARINA BORAWICK, | No.   18-56233 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-02036-TJH-JC |
| v. | MEMORANDUM[*] |
| CITY OF LOS ANGELES, ET AL., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Argued and Submitted January 23, 2020
Pasadena, California

Before:  CLIFTON and LEE, Circuit Judges, and BLOCK,[**] District Judge.

Marina Borawick appeals the district court's grant of summary judgment in

favor of four Los Angeles Police Department officers and the City of Los Angeles

(the "City"). We review the district court's judgment *de novo*, *Vos v. City of Newport*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Frederic Block, United States District Judge for the Eastern
District of New York, sitting by designation.

1

*Beach*, 892 F.3d 1024, 1030 (9th Cir. 2018), and assume familiarity with the facts, procedural history, and issues on appeal.

1. Borawick's First and Fourth Amendment claims against the late-arriving officers, Gonzalez and Calderon, fail as a matter of law. Liability under 42 U.S.C. § 1983 is predicated on an official's "integral participation" in the alleged violation of a constitutional or statutory right. *Chuman v. Wright*, 76 F.3d 292, 294–95 (9th Cir. 1996). As neither Gonzalez nor Calderon were involved in Borawick's arrest and handcuffing, the district court properly dismissed her claims against those officers.

2. Borawick's Fourth Amendment claim against officers Reyes and Correa cannot be resolved as a matter of qualified immunity on summary judgment. Public officials are immune from civil suit only insofar as their conduct does not violate a right that was "clearly established" at the time the conduct occurred. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). If "genuine issues of material fact exist that prevent a determination of qualified immunity at summary judgment, the case must proceed to trial." *Sandoval v. Las Vegas Metro. Police Dep't*, 756 F.3d 1154, 1160 (9th Cir. 2014) (internal quotations omitted). By the time of Borawick's arrest in 2016, we had long since established that "[w]hen no immediate threat is posed and the police can use other means of patting down a suspect, they may not insist on doing so in a manner that will cause the suspect pain." *Winterrowd v. Nelson*, 480

2

F.3d 1181, 1186 (9th Cir. 2007) (denying qualified immunity to officer who restrained a motorist during a pat-down search). *See also Alexander v. Cty. of Los Angeles*, 64 F.3d 1315, 1322–23 (9th Cir. 1995) (denying qualified immunity to officers who restrained suspected bank-robber in overly-tight handcuffs for "thirty-five to forty" minutes despite being informed that the suspect was a dialysis patient); *Palmer v. Sanderson*, 9 F.3d 1433, 1436 (9th Cir. 1993) (denying qualified immunity to officer who "presented no evidence that would justify handcuffing [a motorist suspected of driving while intoxicated] so tightly that he suffered pain and bruises, or to justify [the officer's] refusal to loosen the handcuffs . . . . [N]o reasonable officer could believe that the abusive application of handcuffs was constitutional.").

In this case, Borawick and Appellees have raised genuine disputes of material fact over whether there was an objective basis to believe that Borawick was a danger to the officers or to the public; whether a reasonable officer, having been alerted to Borawick's disability and medical history, would have employed alternative means of restraining her; and whether a reasonable officer would have known the handcuffs were causing Borawick unnecessary or unusually severe pain. As these disputes bear on whether Reyes and Correa engaged in conduct proscribed by clearly established law, the officers are not entitled to qualified immunity as a matter of law.

3. Borawick's First Amendment retaliation claim fails on the merits under *Nieves v. Bartlett*, 139 S. Ct. 1715 (May 28, 2019). A "plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest." *Id.* at 1724. Because Borawick does not dispute the existence of probable cause to initiate the stop or that she was the subject of an outstanding arrest warrant for which she was subsequently booked, her claim is dismissed. *Id.*

4. Borawick's *Monell* claims against the City were properly dismissed. Borawick presented no evidence for a fact-finder to conclude that the LAPD's handcuff training created a "pattern" or "patently obvious" risk of unconstitutional conduct by officers. *Connick v. Thompson*, 563 U.S. 51, 64 (2011).

5. Finally, Borawick's Americans with Disabilities Act and Rehabilitation Act claims against the City survive summary judgment. Borawick presented evidence that, if true, could lead a fact-finder to conclude that Reyes and Correa were deliberately indifferent to her disability as they knew of a reasonable accommodation (*i.e.*, adding a second ring to her handcuffs) which they did not employ despite having the "time and opportunity" to do so. *Vos*, 892 F.3d at 1037. Under the ADA and Rehabilitation Act, municipalities are vicariously liable for the conduct of their employees. *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1141 (9th Cir. 2001).

4

6. Because Borawick has viable claims under federal law, we must reverse the dismissal of her state-law claims for lack of supplemental jurisdiction.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**